**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000405
14-NOV-2011
09:21 AM**

NO. CAAP-11-0000405

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAII, Plaintiff-Appellee, v.
KAPONO UHANE JIM, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-10-001169)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over Defendant-Appellant Kaponi Uhane Jim's (Appellant) appeal from the Honorable Harry P.N. Feitas's February 25, 2011 judgment for the offense of operating a motor vehicle without proof of liability insurance in violation of Hawaii Revised Statutes (HRS) § 431:10C-104 (2005), because Appellant's appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

An appellate court has an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits. State v. Graybeard,

93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). We note that multiple convictions for operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 (2005) within a five-year period are punishable by, among other things, "[i]mprisonment of not more than thirty days[.]" HRS § 431:10C-117(a)(5)(A) (2005 & Supp. 2010). However, in the absence of any such evidence, as here, the singular violation of operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 constitutes a "'[t]raffic infraction' . . . for which the prescribed penalties do not include imprisonment." HRS § 291D-2 (1993); see, e.g., State v. Tarape, 107 Hawai'i 519, 524, 115 P.2d 698, 703 (App. 2005). "No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a) (2007).

Under HRS Chapter 291D, contested traffic citations are adjudicated at a hearing before a district court. An adjudication in favor of the State may be followed by a trial de novo before the district court conducted "pursuant the Hawaii rules of evidence and rules of the district court[.]" HRS § 291D-13(a) (2007). Rule 19(d) of the Hawai'i Civil Traffic Rules (HCTR) provides that "[a]ppeals from judgments entered after a trial may be taken in the manner provided for appeals from district court civil judgments." HCTR Rule 19(d). Appeals from district court civil judgments are authorized by HRS § 641-1(a) (1993 & Supp. 2010).

Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written

> judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted).

The February 25, 2011 judgment ended the proceeding by providing the final adjudication and penalty against Appellant for the offense of operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104, leaving nothing further to be accomplished. Therefore, the document in this case that is appealable pursuant to HRS § 641-1(a) is the February 25, 2011 judgment.

Appellant did not file his May 3, 2011 notice of appeal within thirty days after entry of the February 25, 2011 judgment, as HRAP Rule 4(a)(1) requires for a an appeal from a civil judgment. Instead, Appellant has attempted to assert an appeal from the Honorable Harry P.N. Freitas's April 4, 2011 order denying Appellant's March 7, 2011 "request" for written findings of fact and conclusions of law. However, the April 4, 2011 order is not the document in this case that declared the final adjudication and imposed the final penalty. Therefore, the April 4, 2011 order is not independently appealable pursuant to HRS § 641-1(a).

Appellant's May 3, 2011 notice of appeal is untimely as to the February 25, 2011 judgment pursuant to HRAP Rule 4(b)(1). "As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, . . . and we must

dismiss an appeal . . . if we lack jurisdiction." <u>Grattafiori v. State</u>, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995) (citations, internal quotation marks, and original brackets omitted).

Appellant does not qualify for any exception to the requirement that parties must file timely notices of appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice thereof is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). We lack jurisdiction over this untimely appeal. Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, November 14, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-